UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICHARD L. WILLIAMS, )  )  Plaintiff, )  ) v. ) TARANCE CARLOS RILEY, )  ) Defendant. ) | No. 3:08-0170 Judge Echols |

### MEMORANDUM

The plaintiff, a prisoner in the Lois M. DeBerry Special Needs Facility in Nashville, Tennessee, brings this *pro se* action under 42 U.S.C. § 1983. The plaintiff names Tarance Carlos Riley, a resident of Savannah, Georgia, as the sole defendant.

The plaintiff alleges that the Louisville Police Department (LPD) seized various items of personal property belonging to him on August 4, 2003. (Docket Entry No. 1, ¶ IV, p. 6). The plaintiff further alleges that the LPD gave the aforementioned property to the defendant on August 21, 2003, after the defendant told representatives of the LPD that the property belonged to him. (Docket Entry No. 1, ¶ IV, p. 6). The plaintiff asserts that he received a letter on November 15, 2003 from the "Office of the Attorney General" advising him that the property "was in the evidence room and was considered evidence" in the LPD's case against him. (Docket Entry No. 1, ¶ IV, p. 6).

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir.

1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

Venue in this action is governed by 28 U.S.C. § 1391(b). Section 1391(b) requires that an action be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which defendants are subject to personal jurisdiction at the time that the action is commenced, if there is no district in which the action may otherwise be brought.

The defendant to this action, and apparently the property at issue, are in Savannah, Georgia. Savannah is in Chatham County which is within the jurisdiction of the United States District Court for the Southern District of Georgia. 28 U.S.C. § 90(c)(3). Louisville, in turn, is in Blount County, Tennessee which is within the jurisdiction of the United States District Court for the Eastern District

2

of Tennessee. 28 U.S.C. § 123(a)(1). In other words, venue in this matter is not proper in the Middle District of Tennessee.

Under the circumstances described above, the Court may either dismiss the action outright or, "if it be in the interest of justice, transfer [the case] to any district . . . in which it could have been brought." *Id*. at (a). For the reasons explained below, the Court will dismiss this action rather than transfer it to another jurisdiction.

The plaintiff names a single defendant to this action – Tarance Carlos Riley, whom the plaintiff describes as being employed by a linen company in Savannah, Georgia. The defendant is not a state actor under § 1983. Therefore, the plaintiff fails to satisfy the second part of the two-two part test under *Parratt*, *supra* at p. 1. Because the plaintiff's complaint lacks an arguable basis in law or fact, it is frivolous and, as such, it would not be in the interests of justice to transfer this action to another district. Instead, the plaintiff's complaint will be dismissed as frivolous.

An appropriate Order will be entered.

_____
Robert L. Echols
United States District Judge